GOULD, Circuit Judge,
Concurring:
I concur but add these views: The salient fact is that after conviction through trial by jury, the state trial court learned that the government’s lead witness detective and an involved juror had developed a personal dating relationship after the trial concluded. It would have been a superior state court proceeding, and consistent with the traditional values we give to advocacy, if the trial judge had permitted counsel’s inquiry to all jurors if any were aware of a relationship between the government’s lead witness detective and the involved juror commencing before the verdict was rendered and the jury dismissed. In my view the only pertinent issue concerned timing. If the relationship developed during trial, then I would conclude that habe-as corpus relief would be warranted because of implied bias, but if it started after trial, it would not have affected the verdict.
Notwithstanding, I agree that no United States Supreme Court decision has precisely defined the scope of a proceeding to be undertaken by a state court to assess possible juror bias. Because the state appellate court found no abuse of discretion in how the trial court handled the potential juror bias matter, with the state court judge holding a purposeful hearing, inquiring of the detective and the juror, and having each of them answer under oath that the relationship started after trial, and because the deferential Anti-terrorism and Effective Death Penalty Act would only permit relief upon determination that the state court made a ruling contrary to, or an objectively unreasonable application of, a precedent of the United States Supreme Court, 28 U.S.C. § 2254(d)(1), I agree that we cannot give habeas corpus relief to state prisoners Payne and Young, and must affirm the district court.